IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ANTONIO HESTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 120-079 |
| | ) | |
| SHERIFF RICHARD ROUNDTREE, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Upon review of the petition, the Court **REPORTS** and **RECOMMENDS** Petitioner's motion to proceed *in forma pauperis* be **DENIED AS MOOT**, (doc. no. 2), and this case be **DISMISSED** without prejudice and **CLOSED**.

**I.   BACKGROUND**

According to the petition and publicly available court dockets, Petitioner was indicted on December 17, 2019, for one count each of aggravated child molestation, child molestation, and aggravated sexual battery in the Superior Court of Richmond County, Georgia. (Doc. no. 1, pp. 1-2); State v. Hester, Case No. 2019RCCR001854 (Richmond Cty. Sup. Ct. Dec. 17, 2019), *available at* http://coc.augustaga.gov (follow "Criminal Search" hyperlink; then search "Hester, Antonio" last visited June 12, 2020) (attached as "Exhibit

A").[1]  Attorney Grep Gelpi represents Petitioner in his state court proceedings. Hester, Case No. 2019RCCR001854. Petitioner is now detained awaiting trial at Charles B. Webster Detention Facility in Augusta, Georgia. (Doc. no. 1); Hester, Case No. 2019RCCR001854. Petitioner has filed one *pro se* motion and two letters with the Richmond County Superior Court, requesting dismissal based on constitutional violations, lack of jurisdiction, and the release of the grand jury minutes and indictment for his review. (Doc. no. 1, pp. 1-3); Hester, Case No. 2019RCCR001854. The docket does not reflect final resolution of his *pro se* motion and letters. Hester, Case No. 2019RCCR001854.

On June 10, 2020, Petitioner filed the instant § 2241 habeas petition, stating three grounds of relief all revolving around his *pro se* motion and letters regarding constitutional violations and the unavailability of the indictment and grand jury minutes in his pending criminal charges. (Doc. no. 1.) Although Petitioner states he has filed three appeals, which he states were "denied to the best of [his] knowledge," it is clear from the underlying state criminal docket Petitioner is referring to his *pro se* motion and letters, which have not been ruled on. (Doc. no. 1, pp. 1-3); Hester, Case No. 2019RCCR001854. In his current federal petition, Petitioner claims (1) he was irreparably harmed by the failure to produce the indictment and grand jury minutes in his pending criminal case; (2) he was deprived of the right to a grand jury as evidenced by the lack of availability of the indictment; and (3) he cannot be re-indicted because the alleged initial indictment caused him irreparable harm and violated his constitutional rights. (Id. at 6.)

---

[1]See United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (explaining court may take judicial notice of another court's record to establish existence of ongoing litigation and related filings); see also United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts.")

## II. DISCUSSION

### A. Exhaustion

The petition should be dismissed because Petitioner has not exhausted state court remedies. Although there is no exhaustion requirement in the language of 28 U.S.C. § 2241(c)(3), federal courts do not exercise jurisdiction under § 2241 if the issues raised might be resolved by trial on the merits or other available state procedures. Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015) (explaining exhaustion requirement in § 2241 case). "The exhaustion doctrine of § 2241(c)(3) was judicially crafted on federalism grounds to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction and also to limit federal interference in the state adjudicatory process." Turner v. Morgan, No. 3:12cv188/MCR/CJK, 2012 WL 2003835, at *2 (N.D. Fla. Apr. 25, 2012), *adopted by*, 2012 WL 2003452 (N.D. Fla. June 4, 2012) (citation omitted). Put differently, the exhaustion doctrine prevents "pretrial habeas interference by federal courts in the normal functioning of a state's criminal processes, absent a petitioner's exhaustion of his state court remedies." Id. (citing Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484, 493 (1973)).

Nothing in Petitioner's filings suggests he has been prevented from asserting his current claims in his state court proceedings. Indeed, based on the Court's review of the relevant state docket, there has been no court action since Petitioner filed his *pro se* motion and letters, and his case has not even been set for trial. Moreover, Georgia case law is clear that, subject to various state procedural requirements, the state habeas courts are available for Petitioner to raise claims concerning the validity of his indictment. See Henderson v. Hames, 697 S.E.2d 798, 801-03 (Ga. 2010); see also O.C.G.A. § 9-14-48(d) (describing procedural requirements for

3

consideration of state habeas claims and setting out cause and prejudice, as well as miscarriage of justice, exceptions). Therefore, the Court concludes Petitioner has not satisfied the exhaustion requirement.

### B. <u>Younger</u> Abstention

The petition is also due to be dismissed because this Court should not interfere with Petitioner's ongoing state prosecution. The Supreme Court has repeatedly ruled that "absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions." <u>New Orleans Pub. Serv., Inc. v. Council of New Orleans</u>, 491 U.S. 350, 364 (1989) (citing <u>Younger v. Harris</u>, 401 U.S. 37 (1971)). There are three exceptions to this rule that warrant federal court intervention: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." <u>Turner</u>, 2012 WL 2003835, at *2 (citing <u>Younger</u>, 401 U.S. at 45).

None of the three exceptions to the <u>Younger</u> doctrine apply to Petitioner's case. Petitioner fails to make "substantial allegations" with evidentiary support that his state prosecution is motivated by bad faith. <u>See</u> <u>Younger</u>, 401 U.S. at 48-49 (noting allegations in previously decided case granting injunction were "substantial" and explaining bad faith prosecutions are brought without intention of obtaining conviction or for harassment). Nor has Petitioner made any viable allegation of irreparable injury. <u>See</u> <u>id.</u> at 53-54 (finding irreparable injury if statute of prosecution is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or other unusual circumstances require equitable relief). Finally, Petitioner's ongoing state prosecution provides an adequate

state forum where any constitutional issues can be raised. Therefore, the Court should abstain from reaching the merits of Petitioner's § 2241 petition.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Petitioner's motion to proceed *in forma pauperis* be **DENIED AS MOOT**, (doc. no. 2), and this case be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this 18th day of June, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

# Exhibit A

Welcome to the docket feature provided by the office of Richmond County Superior Court Clerk Hattie Holmes Sullivan.

View case dockets by entering case number, party's name, and/or CSE number.
Once found, click the '+' button to the left of the case number to view docket.

[ New Search ]

Court Officials and Attorneys
Login Here

User Name

Password

☐ Remember My User Name

[ Log In ]

Case #
Name  Hester, Antonio
Alias
Citation
System Wide Search
Filed From / Filed To

☐ All
☐ Superior Court
☐ State Court

[ Search ]   [ Clear ]

Please click the ⊕ / ⊖ buttons to the left of the results to expand/collapse case details

| Case # | Defendant | Judge | Status | Filing | Court Date |
|---|---|---|---|---|---|
| ⊕ 2001RCCR00568 | HESTER, ANTONIO | CARL C. BROWN JR. | CL | 5/1/2001 | |
| ⊕ 2005RCSW00540 | HESTER, ANTONIO | RICHARD A. SLABY | CL | 2/11/2005 | |
| ⊕ 2005RCSW03533 | HESTER, ANTONIO | DAVID D. WATKINS | CL | 10/11/2005 | |
| ⊕ 2013RCMC18012 | HESTER, ANTONIO | DAVID D. WATKINS | CL | 8/7/2013 | |
| ⊖ 2019RCCR01854 | HESTER, ANTONIO | SHERYL B. JOLLY | OP | 12/17/2019 | 1/10/2020 |

**Charges**

| Charge # | Violation code | Offense | Offense Date | Disposed On | Disposition Method | Disposition Stage | Arrest Date | Felony/Misdemeanor |
|---|---|---|---|---|---|---|---|---|
| 1 | 16-6-4(C) | AGGRAVATED CHILD MOLESTATION | 10/21/2019 | | | | 10/30/2019 | F |
| 2 | 16-6-22.2 | AGGRAVATED SEXUAL BATTERY | 10/22/2019 | | | | 10/30/2019 | F |
| 3 | 16-6-4(A) | CHILD MOLESTATION | 10/21/2019 | | | | 10/30/2019 | F |

**Attorneys**

| Name | Represents |
|---|---|
| GELPI , GREG | D |

**Proceedings/Events**

| Date | Court Date | Type |
|---|---|---|
| 12/17/2019 | | INDICTMENT |
| 12/26/2019 | | NOTICE OF DEFENDANT'S ELECTION TO PROCEED UNDER OCGA SECTION 17-16-1 ET SEQ AND CONSOLIDATED MOTIONS AND DEMANDS FOR DISCOVERY, STATEMENTS, SCIENTIFIC REPORTS, AND OTHER ENUMERATED MOTIONS |
| 1/3/2020 | 01/03/2020 09:00AM | ARN ARRAIGNMENT CALENDAR |
| 1/7/2020 | | STATE'S DEMAND FOR DISCOVERY PURSUANT TO OFFICIAL CODE 17-16-1 |
| 1/21/2020 | | APPLICATION FOR LEAVE OF COURT FOR JENNIFER CROSS |
| 1/28/2020 | | NOTICE OF HEARING |
| 2/6/2020 | | ORDER GRANTING/DENYING BOND |
| 2/18/2020 | | APPLICATION FOR LEAVE OF COURT |
| 2/26/2020 | | APPLICATION FOR LEAVE OF COURT |
| 2/26/2020 | | APPLICATION FOR LEAVE OF COURT |
| 2/26/2020 | | PRO SE MOTION FOR PRODUCTION OF GRAND JURY TRANSCRIPTS OF TESTIMONY OF STATE REPORTS AND STATEMENTS |
| 3/11/2020 | | STATE'S DISCOVERY RESPONSES, MOTIONS, NOTICES AND DEMAND |
| 6/4/2020 | | DEFENDANT'S LETTER |
| 6/4/2020 | | DEFT'S LETTER |